IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| ANTHONY HILL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CV 619-104 |
| | ) |
| AIMEE SMITH, Warden, | ) |
| | ) |
| Respondent. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

This case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

**I.    BACKGROUND**

Petitioner was convicted in the Superior Court of Bulloch County on four counts of aggravated assault, two counts of cruelty to children, and two firearm counts, and he was sentenced to fifteen years of imprisonment. (Doc. no. 1-1, p. 1.) The online trial docket for Petitioner's criminal case, attached hereto as Exhibit A and available at www.peachcourt.com, shows (1) a bench trial occurred on January 18, 2019; (2) Petitioner filed a motion for new trial on January 22, 2019; (3) the trial court issued a *rule nisi* concerning the motion for a new trial on March 15, 2019; and (4) Petitioner filed *pro se* a

motion seeking relief from the judgment on July 18, 2019. SU18CR203, doc. nos. 37, 43, 45. The trial court issued an Order on August 28, 2019, attached hereto as Exhibit B, but it does not address Petitioner's motion for new trial or his motion seeking relief from the judgment. Id., doc. no. 47. The docket is consistent with the petition, which confirms Petitioner is presently represented by counsel, states he submitted grounds for an appeal to his attorney but is unsure whether an appeal has been filed yet, lists the court to which he is appealing as the trial court, and confirms he filed *pro se* motions with the trial court that are still pending. (Doc. no. 1, pp. 2-3.) Petitioner's primary concern appears to be that the trial court clerk's office returned two of his *pro se* motions without filing them on the docket. (Id. at 5.)

## II. DISCUSSION

Under the Anti-Terrorism and Effective Death Penalty Act of 1996, ("AEDPA"), and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state

courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts." Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003). The exhaustion requirement applies with equal force to all constitutional claims. See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1353-54 (11th Cir. 2012); see also Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992). "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'" Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).

"Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982). Moreover, in Georgia, a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies." Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004).

It is obvious from the petition and trial docket that Petitioner's case is still pending in the trial court and he has not yet exhausted his claims by receiving a ruling on his pending

3

trial court motions, filing a direct appeal, or filing a state habeas petition. While federal courts may intervene and consider unexhausted claims when a "state court has unreasonably or without explanation failed to address petitions for relief," there is no allegation here of unreasonable delay or inaction by the trial court but, instead, the docket reflects timely adjudication of Petitioner's case. Hollis v. Davis, 941 F.2d 1471, 1475 (11th Cir. 1991); see also Reynolds v. Wainwright, 460 F.2d 1026, 1027 (5th Cir. 1972) (ruling an inordinate delay can, under certain circumstances, excuse exhaustion). The Court must be mindful "state courts are the principal forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562 U.S. 86, 103 (2011). Indeed, the exhaustion requirement ensures "that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." Id.

### III.     LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court should deny Petitioner leave to appeal *in forma pauperis* ("IFP") and a Certificate of Appealability ("COA"). An appeal cannot be taken IFP if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. See 28 U.S.C. § 1915(a)(3); Fed. R. App. R. 24(a)(3)(A). Thus, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and the Court should **DENY** Petitioner's leave to appeal IFP. See 28 U.S.C. § 1915(a)(3).

Further, a prisoner seeking relief under § 2254 must obtain a COA before appealing the denial of his application for a writ of habeas corpus. The Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a)

to the Rules Governing Section 2254 Proceedings.  The Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  For the reasons set forth above in § II supra, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing.  Accordingly, the Court should **DENY** a COA in this case.[1]

IV.   **CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the petition be **DISMISSED** without prejudice, and this civil action be **CLOSED**.  The Court further **RECOMMENDS** Petitioner be **DENIED** leave to appeal IFP and a COA.

SO REPORTED and RECOMMENDED this 10th day of January, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) to the Rules Governing Section 2254 Proceedings.